IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

_____

RICHARD WALL,                                    )
                                                 )
            Plaintiff,                           )
                                                 )
v.                                               )
                                                 )
WILLIAM RODMAN, M.D. and                         )
ASPEN VALLEY HOSPITAL,                           )
                                                 )
            Defendants.                           )
_____

## COMPLAINT
_____

Plaintiff, RICHARD WALL, by his attorney, David Neal Missner, complains against

Defendants, WILLIAM RODMAN, M.D. and ASPEN VALLEY HOSPITAL, and alleges as

follows:

### PARTIES, JURISDICTION AND VENUE

1.   Plaintiff, RICHARD WALL, is a citizen of California.

2.   Defendant WILLIAM RODMAN, M.D. is a licensed physician in Colorado and is a

citizen of Colorado.

3.   Defendant ASPEN VALLEY HOSPITAL ("hospital") was a not for profit

corporation incorporated in Colorado, and was licensed to do business in the State of Colorado,

with its principal place of business in Colorado, making it a citizen of Colorado. That Defendant

Hospital was the employer of nurses, attendees, and agents who were duly assigned to provide

medical care to Plaintiff.   The hospital provided surgical care for its patients, and was and is

subject to the provisions of C.R.S. § 12-36-134, which rendered it vicariously liable for the

medically negligent acts of its physician-employees, its other employees and agents.

4.   This Court has diversity of citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity between the Plaintiff and the Defendants, and the amount in controversy and damages for medical malpractice far exceed $75,000.

5.   Venue is proper in this Court, because the acts complained of herein occurred in this District.

### I.  FIRST CLAIM FOR RELIEF – DR. WILLIAM RODMAN'S NEGLIGENCE

6.   In 2011, Plaintiff was having health problems manifesting as inability to walk and groin/abdominal pain that were diagnosed by Defendant, Dr. William Rodman, as requiring an inguinal hernia repair operation.  Defendant Dr. Rodman performed that hernia surgery on Plaintiff on August 9, 2011, at Defendant Aspen Valley Hospital, in Aspen, Colorado.

7.   Subsequent to that August 9, 2013, hernia operation, Plaintiff had continued pain, discomfort and inability to walk and to sit.  The typical recovery time from incisional pain and other common after effects of an inguinal hernia repair is usually variable with the patient, but is no less than 14-30 days.

8.   After repeated post-surgical visits to see and be evaluated by Defendant Dr. Rodman, Dr. Rodman determined that he had "misplaced" some tacks and they needed to operate again as the tacks he had placed in Plaintiff's groin area were in the nerve (illioingual) center.

9.   Defendant Dr. Rodman performed surgery again on Plaintiff in January, 2012 and thereafter the discomfort again continued unabated; indeed, it became worse.  Plaintiff had to walk on crutches and then gradually with a cane. After repeated entreaties to Dr. Rodman to do something and receiving no answers, Plaintiff decided to seek other medical opinions.

10. Thereafter, Plaintiff contacted Dr. Richard Benveniste in Los Angeles.  Dr. Benveniste referred Plaintiff to the head of the Department of Neurology at UCLA Medical Center, and after consultations Plaintiff was sent to the Pain Management Center at UCLA.  There it was discovered by the Doctors through X-Rays and CAT scans that Defendant Dr. Rodman had still left two tacks in the illioingual nerve center of the five he had previously "misplaced."  The Doctors at UCLA commented that this was improper for a surgeon to do so after two operations.  Accordingly, Plaintiff did not discover, nor in the exercise of reasonable care could he have discovered, that such pain and other post-surgical complications were caused by the wrongful treatment and surgery of Defendants until being advised by the UCLA physicians of the foregoing matters in this paragraph.

11.  Plaintiff then underwent three procedures at the Pain Management Clinic over a two month period.  The UCLA Doctors then determined that the only procedure that potentially could relieve Plaintiff's pain was to remove the nerves completely.  Plaintiff was examined by Dr. David Chen, who is an acknowledged expert in "Triple Neurectomies".   In view of Defendant Dr. Rodman's prior surgeries and surgical technique, Dr. Chen was required to and did remove three of Plaintiff's nerves from Plaintiff's back that controlled the affected areas.  Plaintiff is still recovering from that and prior surgeries.

12.  Defendant Dr. Rodman owed Plaintiff a duty to follow and conform his conduct and surgical and medical treatment to the standard of care.

13.  Defendant Dr. Rodman breached his duties to Plaintiff and carelessly and negligently committed one or more of the following wrongful acts or omissions in treating and operating on Plaintiff that violated the standard of care:

      (a)      In the first August 9, 2011, surgery Dr. Rodman improperly placed and left behind mesh, fixation devices (tacks), that scarred Plaintiff's nerves;

(b)     In the second surgery, Dr. Rodman still left misplaced tacks in the illioingual nerve center.

(c)     Dr. Rodman failed to appreciate and assess the severity of Plaintiff's condition.

14.     As a direct and proximate result of one or more of the aforesaid negligent acts or omissions by this defendant, Dr. Rodman, Plaintiff was injured and damaged and suffered great pain and nerve damage, as well as physical impairment, physical disfigurement, emotional distress, mental anguish, loss of enjoyment of life, and physical suffering.  Plaintiff also incurred medical and hospital expenses and charges as a result thereof, as well as lost earnings.

## II.     SECOND CLAIM FOR RELIEF – ASPEN VALLEY HOSPITAL NEGLIGENCE

1-14.     Plaintiff realleges and incorporates herein by this reference paragraphs 1-14 of Count I as and for paragraphs 1-14 of this Count II.

15.     During Plaintiff's first two surgical operations, Plaintiff was also under the care of Defendant Aspen Valley Hospital. Defendant OB Clinic held itself out as having expertise in the field of surgery generally and hernia repair surgery specifically.

16.     Defendant Aspen Valley Hospital is responsible for the acts and omissions of its agents, physicians, residents, employees, agents, officers, directors, shareholders and/or partners, and the other employees, technicians, nurses, assistants and caregivers of Plaintiff, all of whom were acting within the course and scope of their employment or within their authority as employees and agents of Defendant Aspen Valley Hospital.

17.  With respect to the care and treatment of Plaintiff, Defendant Aspen Valley Hospital owed a duty to ensure that its agents, caregivers and employees, including its nurses, residents and attendants, exercised that degree of care, skill, caution, diligence and foresight required of nurses, agents, employees and attendants practicing in their respective fields.

18. Defendant Aspen Valley Hospital, through its agents and employees, had a duty to ensure that there were proper protocols, rules and regulations, as well as staffing in place in the surgical suite and operating room of the Hospital, sufficient to ensure proper care of Plaintiff during and after surgery.

19. Due to the negligence of its physicians, residents, agents and employees, that negligence is attributed to the Defendant Aspen Valley Hospital, because the Hospital:

    a.    Failed to properly monitor and treat Plaintiff's condition during and following Plaintiff's initial hernia surgery on August 9, 2011;

    b.    Failed to properly recognize and properly respond to the foregoing abnormalities;

    c.    Failed to timely and appropriately notify the proper physicians and surgeons and/or other health care providers of Plaintiff's changing condition during and following his surgeries.

20. As a direct and proximate result of the negligence of the agents and employees of Defendant Aspen Valley Hospital, all acting within course and scope of employment or within their respective authority, Plaintiff suffered the injuries and damages described above, in a manner and amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment and damages against Defendants, WILLIAM RODMAN, M.D. and ASPEN VALLEY HOSPITAL,, both economic and noneconomic, in favor of Plaintiff and against Defendants and each of them, in an amount sufficient to provide for the past, present and future care of Plaintiff, plus the amount of lost income of Plaintiff during his lifetime, such amounts to be determined by the trier of fact, plus damages for the other injuries alleged in this Complaint, plus pre-judgment interest, post-judgment interest, fees and costs (including expert witness fees, filing fees, deposition expenses, and travel expenses), and for such other and further relief as this Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE; AND

A JURY FEE IS SUBMITTED HEREWITH.

Respectfully submitted this 12TH day of AUGUST, 2011.


                                        RICHARD WALL

                                        /s/David Neal Missner
                              By:        _____
                                        His Attorney




DAVID NEAL MISSNER
State of Colorado Bar # 35331
134 Eastwood Drive
Aspen, Colorado 81611
(847) 804-0483
mizz@rallyllc.com

        *Plaintiff's Counsel*


PHILIP J. NATHANSON
THE NATHANSON LAW FIRM
8326 E. Hartford Dr. – Suite 101
Scottsdale, AZ  85255
(480) 419-2578
(480) 419-4136  (FAX)
philipj@nathansonlawfirm.com

        Pending *pro hac vice* admission