IN THE DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02158-RM-BNB

RICHARD WALL

    Plaintiff,

vs.

WILLIAM RODMAN, M.D.

    Defendant.

_____

**QUALIFIED PROTECTIVE ORDER**
_____

    This matter is before the Court upon Defendant's Motion for Qualified Protective Order. Being fully advised, the court hereby FINDS AND ORDERS:

    1. This protective order applies to documents containing Protected Health Information, as that term is defined in 45 C.F.R. § 160.103, produced by non-parties under the command of a subpoena or court order.

    2. Documents containing Protected Health Information shall be used only for the purposes of this litigation. The term litigation, as used throughout this Protective order, includes any appeals.

    3. Any documents containing Protected Health Information (or copies thereof) shall be used solely for the purposes of this litigation. Any Protected Health Information in the documents shall likewise be used solely for the purposes of this litigation. Access shall be limited to:

    a. attorneys actively working on this case;

b. persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by the attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c. the parties, including designated representatives for Defendant and Defendants' insurers;

d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

e. the Court and its employees;

f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

g. deponents or witnesses during the course of any examination.

4. It shall be the responsibility of counsel of record to ensure that the parties granted access to the documents under paragraph 3 be apprised of this Protective Order. It shall also be the responsibility of counsel of record to ensure that all parties granted access to the documents under paragraph 3 understand the terms of this Protective Order prior to any disclosure of the documents or any information contained therein.

5. Documents containing Protected Health Information **must** ~~do not have to~~ be designated, stamped or labeled as confidential. **Documents are designated as Confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."** ~~Protected Health Information shall be protected by all parties and other persons described in paragraph 3 without such designation.~~

6. **Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~Counsel shall file any motions containing Protected Health Information under seal.~~

7. Within 30 days of the termination of this litigation, all documents (and copies) containing Protected Health Information shall be destroyed.

8. The Court shall retain jurisdiction for purposes of enforcing compliance with this Protective Order. Any violation of the Protective Order may subject the offending party to sanctions.

Dated April 15, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge